UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERENCE LEE ROBINSON,

        Plaintiff,

    v.

J. SCHRAG,

        Defendant.

Case No. 18-cv-02945-HSG (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a California state prisoner incarcerated at Pelican Bay State Prison and proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. He is granted leave to proceed *in forma pauperis* by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the Court dismisses the complaint with leave to amend.

## DISCUSSION

### A.    Standard of Review

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the

violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In the "Statement of Claim" section of the court's § 1983 form complaint, plaintiff states the following:

> I was victimized by the officers under said defendants authority to the extent of excessive force, as well as charged with a criminal offense that I did not commit and with that charge am being kept in confinement based on ineligibility to the criteria set forth with the N.V.S.S. as well as Prop 57 (and for clarification purpose the N.V.S.S. is an abbreviation for non-violent second striker).

Dkt. No. 1 at 3. These allegations are insufficient to state a § 1983 claim for the following reasons.

First, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id*. at 487. Here, plaintiff's request for damages under § 1983 for defendant's allegedly unlawful actions in securing his conviction on the unidentified "criminal offense" is barred by *Heck* because a judgment in favor of plaintiff would necessarily imply the invalidity of a conviction that has not already been invalidated. To the extent plaintiff is challenging an extended term of confinement resulting from an in-prison disciplinary infraction that he contends he did not commit, plaintiff is advised that *Heck* has been extended to prison disciplinary hearings where time credits are affected. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Accordingly, plaintiff's claim arising from a false criminal charge is DISMISSED. The dismissal is without prejudice to plaintiff reasserting his claim for damages in a new § 1983 complaint if his conviction or disciplinary rule violation is invalidated.

Second, regarding plaintiff's excessive force claim, plaintiff's allegations fail to state clearly what happened, when it happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation. The lack of detail prevents the Court from determining whether the excessive force claim deserves a response and from whom, and also prevents individual defendants from framing a response to the complaint. These deficiencies require that an amended complaint be filed. Plaintiff should bear in mind the following legal principles as he prepares his amended complaint.

The arbitrary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Id.* at 6-7. In this inquiry, a court may consider the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Id.* at 7. A prisoner need not allege that he suffered serious injury in order to establish an Eighth Amendment violation. *Id.* "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

Plaintiff is advised that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, the only defendant named is J. Schrag. The allegations are insufficient, however, to indicate that J. Schrag was personally involved in any malicious and sadistic application of force to cause harm. *See Hudson*, 503 U.S. at 6-7.

3

Plaintiff must keep in mind that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In his amended complaint, plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Leer*, 844 F.2d at 634. Plaintiff must name each individual defendant, and clearly state what each defendant did that made him or her liable for violating plaintiff's constitutional rights. Plaintiff should specifically state what happened (including what kind of force was used), when and where it happened, what each defendant did or failed to do, and how those actions or inactions rise to the level of a federal constitutional violation. Plaintiff should also state what injuries he suffered, if any.

## CONCLUSION

1.      Plaintiff's complaint is DISMISSED with leave to amend. If plaintiff believes he can state a cognizable claim for relief, he shall file an AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 18-2945 HSG (PR)) and the words AMENDED COMPLAINT on the first page. If plaintiff files an amended complaint, he must allege, in good faith, facts—not merely conclusions of law—that demonstrate that he is entitled to relief under the applicable federal laws. **Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to plaintiff.**

2.      Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*,

963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk shall send plaintiff a blank civil rights complaint form along with his copy of this order.

**IT IS SO ORDERED.**

Dated: 8/10/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge