UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERENCE LEE ROBINSON,<br>Plaintiff,<br>v.<br>J. SCHRAG, et al.,<br>Defendants. | Case No. 18-cv-02945-HSG (PR)<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California state prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. His original complaint was dismissed with leave to amend. Plaintiff has filed a first amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According to the amended complaint, on September 6, 2016, while housed in Unit 2, Cell 210 at PBSP, defendant correctional sergeant J. Schrag ordered two of his correctional officers to "get [plaintiff's] arms." Defendant correctional officer A. Maylin proceeded to use unnecessary force by pinning plaintiff's right arm to the ground, with no resistance on plaintiff's part. Defendant correctional officer T. Gray proceeded to use unnecessary force by pinning plaintiff's left arm to the ground, with no resistance on plaintiff's part. Defendant correctional officer J. Taylor then placed plaintiff on the cell floor with such force that both arms of plaintiff's eyeglasses broke off. Taylor then placed his entire body on the length of plaintiff's body and put plaintiff in a headlock. Plaintiff attempted no resistance as he was then choked on the cell floor. Taylor eventually stopped choking plaintiff at the direction of another officer.

Plaintiff was charged with battery on a peace officer. At his disciplinary hearing, defendant senior hearing officer J. Pieren found plaintiff guilty despite a lack of evidence.

<u>Excessive force</u>:  An Eighth Amendment violation may occur when prison officials "maliciously and sadistically use force to cause harm," but "not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* (citation omitted).

Giving the *pro se* amended complaint the liberal construction to which it is entitled, plaintiff has stated a cognizable Eighth Amendment claim as against defendants Schrag, Maylin, Gray, and Taylor for using excessive force.

<u>Disciplinary proceedings</u>:  An inmate has a federally-protected right to due process if he is deprived of a liberty interest of real substance. *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487. A prisoner

2

complaining about his placement in administrative segregation and/or disciplinary segregation must first allege facts showing that he was deprived of a protected liberty interest, i.e., suffered an atypical and significant hardship (e.g., a long-term SHU placement) or lost time credits that will inevitably affect the duration of his sentence.[1] Identifying a constitutionally-protected liberty interest is only the first step; the prisoner also must identify the procedural protections not provided to him when he was deprived of that constitutionally-protected liberty interest to state a claim. The procedural protections required in a prison disciplinary proceeding include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). There also must be some evidence to support the decision, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and the information that forms the basis for prison disciplinary actions must have some indicia of reliability, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

If the procedurally protected liberty interest of which the prisoner is deprived during the disciplinary process is restored during the prison administrative appeal process, the prisoner does not have a due process claim. *See Frank v. Schultz*, 808 F.3d 762, 763-64 (9th Cir. 2015) (summary judgment properly granted to defendants on due process claim where prisoner filed a successful administrative appeal which led to the removal of the incident report from his file and the forfeited credits were restored).

The amended complaint fails to state a claim for a due process violation. First, plaintiff does not identify the discipline that was imposed, so it cannot be determined whether any federal right to due process was implicated. Second, plaintiff does not allege the particular procedural protection(s) he was not provided before he was deprived of the liberty interest. Plaintiff will be given a second opportunity to amend so that he can identify the deprivation of a protected liberty

---

[1] If a prisoner asserts that he was deprived of a constitutionally-protected liberty interest because prison officials imposed discipline that caused him to lose time credits and the loss of those time credits will inevitably extend his stay in prison, he must assert his due process claim in a petition for writ of habeas corpus rather than a civil rights complaint. *See Nettles v. Grounds*, 830 F.3d 922, 932-33 (9th Cir. 2016) (en banc).

3

interest he experienced and identify each procedural protection he did not receive in connection with his disciplinary proceedings, if he can do so truthfully.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint states a cognizable Eighth Amendment claim against PBSP defendants J. Schrag, A. Maylin, T. Gray, and J. Taylor.

2. The due process claim against J. Pieren is dismissed with leave to amend, as indicated above, within **thirty (30)** days from the date of this order. The pleading must include the caption and civil case number used in this order (18-2945 HSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page. The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that a second amended complaint supersedes the original complaint and first amended complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). This means plaintiff must repeat his excessive force allegations in the second amended complaint if he files a second amended complaint.

3. If plaintiff does not wish to file a second amended complaint, he shall so inform the Court within **thirty (30)** days from the date of this order. Failure to file a second amended complaint within the designated time and in compliance with this order will result in the Court proceeding only on the excessive force claims found cognizable above.

**IT IS SO ORDERED.**

Dated: 10/29/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

4