UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERENCE LEE ROBINSON,<br>    Plaintiff,<br>v.<br>J. SCHRAG, et al.,<br>    Defendants. | Case No. 18-cv-02945-HSG<br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br>Re: Dkt. No. 21 |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983 alleging that on September 6, 2016, Pelican Bay State Prison ("PBSP") officers J. Schrag, A. Maylin, T. Gray, and J. Taylor used excessive force on him in violation of the Eighth Amendment. Now pending before the Court is defendants' motion for summary judgment for failure to exhaust administrative remedies. ECF No. 12. Plaintiff has not filed an opposition, and defendants have not filed a reply and the deadline to do so has long since passed. For the reasons set forth below, defendants' motion for summary judgment is GRANTED.

**BACKGROUND**

**I.    Complaint**

According to the amended complaint (Dkt. No. 10), on September 6, 2016, while plaintiff was housed in PBSP Unit 2, Cell 210, defendants used excessive force on him. While plaintiff was pinned to the floor by defendants Maylin, Gray and Taylor, defendant Schrag ordered two of his correctional officers to "get [plaintiff's] arms." Plaintiff was not resisting but defendant Maylin proceeded to use unnecessary force by pinning plaintiff's right arm to the ground, and defendant Gray proceeded to use unnecessary force by pinning plaintiff's left arm to the ground. Defendant Taylor then placed plaintiff on the cell floor with such force that both arms of

1 plaintiff's eyeglasses broke off. Defendant Taylor then placed his entire body on the length of
2 plaintiff's body and put plaintiff in a headlock. Plaintiff did not resist but believed that Defendant
3 Taylor would choke him to death. Defendant Taylor eventually stopped choking plaintiff at the
4 direction of defendant Gray. Dkt. No. 10.

## II. Additional Factual Background

That same day, plaintiff was issued a rules violation report, RVR No. 854730, for battery on a peace officer. According to RVR No. 854730, defendant Schrag approached plaintiff's cell that day to talk to him about moving to a different building. After plaintiff exited his cell, he was advised of the upcoming move. Plaintiff became resistant and backed into his cell with defendant Schrag following him into the cell. Plaintiff was ordered to stop moving, but he continued backing up into the cell. Defendant Schrag attempted to place plaintiff's left hand behind his back in order to secure him in restraints. Plaintiff immediately wildly swung his left arm and hit defendant Schrag on the upper right side of his lip. Plaintiff was restrained and moved to short term restrictive housing. Dkt. No. 21-3 at 6; Dkt. No. 21-2 at 9.

On April 12, 2017, plaintiff was found guilty of the RVR. Dkt. No. 21-3 at 9-16.

Plaintiff filed two grievances regarding this incident: Grievance No. PBSP-A-17-01008 and Grievance No. OOA-17-06786.[1]

**Grievance No. PBSP-A-17-01008**. On May 18, 2017, a month after the guilty finding, plaintiff filed Grievance No. PBSP-A-17-01008 seeking the dismissal of the RVR and the related guilty finding. Plaintiff stated:

> On the date in question I did not even resist as all parties present [Officers Maylin, Taylor and Gray] physically restrained myself. According to Sergeant J. Schrag incident report I was being re-housed based on a staff complaint that I had submitted days prior. The log # on said complaint is PBSP-16-02187.

---

[1] According to the record before the Court, between the date of the incident, September 6, 2016 and the date the instant action was filed, May 18, 2018, plaintiff filed numerous other grievances. *See* Dkt. No. 21-2 at 5-6 (listing grievances accepted at first and second level of review); Dkt. No. 21-4 at 5-6 (listing grievances accepted at third level of review). Only one of the grievances filed during this time period was exhausted at the third level of review: Grievance No. PBSP-A-17-01008. While Grievance No. OOA-16-04864 was exhausted at the third level of review during this time period, it was filed prior to the relevant time period, on April 21, 2016, and challenged the April 17, 2016 screen out of an unrelated grievance, Grievance No. PBSP-16-02187, which alleged employee sexual misconduct. Dkt. No. 21-4 at 8-11.

2

Dkt. No. 21-2 at 11, 13. This grievance bypassed the first level of review and was denied at the second level on June 13, 2017, on the grounds that there was no compelling reason why the Senior Hearing Officer ("SHO") that conducted the RVR disciplinary hearing should have rendered a different decision; that the guilty finding was reasonable; and that plaintiff had failed to present sufficient evidence to warrant a reduction, dismissal or alteration of the guilty finding. The second level decision stated that "[t]he purpose of [a grievance] is not to conduct a new hearing or arrive at a finding independent of the SHO." The second level decision reported that at the RVR hearing, plaintiff made the following statement in his defense "Not Guilty;" made no other statement; and offered no evidence in his defense or to support his not guilty plea. The second level decision also reported that the SHO noted that all due process issues had been met and complied with and that there was a preponderance of evidence to support the charge and finding of guilt. Dkt. No. 21-2 at 8-10.

On June 26, 2017, plaintiff appealed the second level decision to the third level. Dkt. No. 21-4 at 5. On July 17, 2017, the appeal was screened out for failure to attach supporting documents. Dkt. No. 21-4 at 5. On July 31, 2017, plaintiff resubmitted the second level decision to the third level. The appeal of the second level decision was screened out on August 25, 2017 for "time constraints not [being] met." Dkt. No. 21-4 at 5.[2] There is no copy of this appeal in the record so it is unclear on what grounds plaintiff appealed the second level decision on June 26, 2017, and what supporting documents were not attached to the June 26, 2017 appeal. There is nothing in the record indicating that plaintiff resubmitted this appeal another time to the third level, or that the appeal was eventually accepted at the third level.

**Grievance No. OOA-17-06786.** On September 5, 2017, plaintiff filed a grievance stating that he was dissatisfied with the August 25, 2017 cancellation of Grievance No. PBSP-A-17-01008. He requested the following action: "That is be (sic) seen at a third level of review for possible monetary gain and or compensation." In the section for explaining the inmate's

---

[2] In Grievance No. OOA-17-06786, prison officials found that time constraints were not met for resubmitting the grievance for a third level of review because plaintiff received the second level decision on June 21, 2017 but did not submit his appeal until July 31, 2017. Dkt. No. 21-4 at 13.

3

dissatisfaction with the second level response, plaintiff stated: "Because I considered all time constraints and honored them! As well as not committing the controlling charge." Dkt. No. 21-4 at 15-16. The grievance was denied at the third level on January 31, 2018 as follows:

> The [Third Level Review ("TLR")] reviewed the issues of the appellant's [grievance] and reaffirms the OOA Screener's cancellation decision [with respect to Grievance No. PBSP-A-17-01008]. The appellant has failed to present compelling evidence and convincing argument to warrant modification of the decision reached by the OOA Screener. The CDC Form 602, Inmate/Parolee Appeal Form, reflects that the appellant received the SLR [for Grievance No. PBSP-A-17-01008] on June 21, 2017. The TLR did not receive the appeal packet until July 31, 2017, which is in excess of 30 days after June 21, 2017. The appellant has failed to provide a reasonable explanation for the delay. Therefore, it has been determined the [grievance] was appropriately cancelled as the appellant failed to submit the [grievance] within time limitations mandated by the [California Code of Regulations] and CDCR Operations Manual. Requests for monetary compensation are beyond the scope of the appeals process.

Dkt. No. 21-4 at 13.

### III. CDCR Grievance Process

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates the right to appeal administratively or grieve "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 Cal. Code Regs. § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through three levels of review. *Id.* § 3084.7. The third level of review exhausts administrative remedies. *Id.* § 3084.7(d)(3). To grieve an issue, an inmate must fill out a CDCR Form 602, Inmate/Parolee Appeal, and describe the specific issue being grieved and the relief requested. 15 Cal. Code Regs. § 3084.2(a). The inmate shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting; and shall also list all staff member(s) involved and shall describe their involvement in the issue. 15 Cal. Code Regs. § 3084.2(a)(1), (4).

**DISCUSSION**

Defendants argue that plaintiff has failed to exhaust administrative remedies for his excessive force claim. Specifically, they argue that Grievance No. PBSP-17-01008 and Grievance OOA-17-6786 are the grievances most relevant to the excessive force claim, and that neither grievance alleged that plaintiff had been subject to excessive force. Dkt. No. 21 at 7-10. Plaintiff

4

1 did not file an opposition or otherwise respond to the summary judgment motion. However, in his
2 amended complaint, he claims that his administrative remedies have been exhausted by the second
3 level review of PBSP-854730 on June 21, 2017, and by OOA-17-06786 on October 19, 2017.
4 Dkt. No. 10 at 2. In his deposition, plaintiff alleges that Grievance No. OOA-17-06786 exhausted
5 his administrative remedies with respect to his excessive force claim. Dkt. No. 21-3 at 43-46.

## I. Summary Judgment Standard

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial [,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, 'designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324 (citing Fed. R. Civ. P. 56(e)).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc., v.*

5

*Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## II. Exhaustion Standard

The Prison Litigation Reform Act ("PLRA") sets forth the following exhaustion requirement: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.*; *see also Booth v. Churner*, 532 U.S. 731, 739–41 & n.5 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Id.* at 90. Even when the prisoner seeks relief not available in grievance proceedings, exhaustion is a prerequisite to suit. *Booth*, 532 U.S. at 741. That the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. *Id.* at 737-38.

The PLRA's exhaustion requirement "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91 (footnote omitted). Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Id.* at 218. Where a prison's grievance procedures do not specify the requisite level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance need not include legal terminology or legal theories unless they are needed to

6

provide notice of the harm being grieved. *Id.* Nor must a grievance include every fact necessary to prove each element of an eventual legal claim. *Id.* The purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. *Id.* The grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." *Id.* at 1121 (citation and internal quotation omitted).

**III. Analysis**

Plaintiff argues that his administrative remedies have been exhausted by the second level review of PBSP-854730 on June 21, 2017, and by OOA-17-06786 on October 19, 2017. Dkt. No. 10 at 2. PBSP-854730 is the log number for the rules violation report arising out of the September 6, 2016 incident. A rules violation report does not exhaust administrative remedies within the meaning of the PLRA. California regulations clearly state that in order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through three levels of review. 15 Cal. Code Regs. § 3084.7. The PLRA requires that the prisoner use the administrative remedies provided by the state in order to exhaust his administrative remedies, *Woodford*, 548 U.S. at 93-94.

After reviewing the record, the Court finds that only two grievances in the record address, directly or indirectly, the events on September 6, 2016: Grievance No. PBSP-17-01008 and Grievance No. OOA-17-6786. However, neither grievance alleges that plaintiff was subjected to excessive force on September 6, 2016, or otherwise alerts prison officials to a potential excessive force claim. CDCR regulations require the inmate to describe the specific issue being grieved and to describe the relief requested on the grievance form by stating all facts known and available to him/her regarding the issue being appealed and listing all staff members involved and describing their involvement in the issue. 15 Cal. Code Regs. § 3084.2(a). In the description of the issue being grieved, neither grievance mentions or describes use of force by correctional officers.

Grievance No. PBSP-17-01008 alleged that plaintiff did not resist correctional officials when they restrained him on September 6, 2016. This grievance sought dismissal of the RVR for battery on a peace officer. Dkt. No. 21-1 at 11, 13. In other words, the specific issue raised in Grievance No. PBSP-17-01008 was that the RVR for battery on a peace officer was based on false

7

1    information, and the relief requested was to dismiss the RVR because it was based on false

2    information. The allegations that the RVR guilty finding was unfounded and that plaintiff did not

3    resist correctional officers did not clearly indicate that plaintiff was subject to excessive force.

4    The grievance's focus was on plaintiff's behavior, specifically his lack of resistance, and made no

5    allegations or implications regarding correctional officers' behavior. Grievance No. PBSP-17-

6    01008 did not alert correctional officers as to a potential excessive force claim.

7    Grievance No. OOA-17-6786 alleged that Grievance No. PBSP-17-01008 was improperly

8    cancelled at the third level, and requested that Grievance No. PBSP-17-01008 "be seen at a third

9    level of review for possible monetary gain and or compensation." Dkt. No. 21-4 at 15. The

10   specific issue raised in Grievance No. OOA-17-6786 was the improper cancellation of Grievance

11   No. PBSP-17-01008.[3] In his deposition, plaintiff argued that by mentioning money in his request

12   for relief, it was clear that he sought relief for the use of excessive force. The Court disagrees.

13   Liberally construed and making all reasonable inferences in plaintiff's favor, because the PLRA

14   requires exhaustion of administrative remedies prior to bring a Section 1983 suit, the relief

15   requested in Grievance No. OOA-17-6786 – that Grievance No. PBSP-17-01008 be exhausted at

16   the third level of review – put prison officials on notice that plaintiff wished to file a lawsuit

17   pursuant to 42 U.S.C. § 1983 for the issuance of an RVR based on false accusations and the

18   related guilty finding. However, it cannot be reasonably inferred that a general request for

---

[3] The Court agrees that the cancellation of Grievance No. PBSP-17-01008 was contrary to the relevant prison regulations. The second level decision was received by plaintiff on June 21, 2017. 15 Cal. Code Regs. 3084.8(b) requires that the second level decision be appealed within thirty days of the decision. *See* 15 Cal. Code Regs. 3084.8(b). Plaintiff timely appealed to the third level on July 17, 2017. On July 17, 2017, the third level rejected the grievance for failure to attach the necessary supporting documents, which is acknowledged as a basis for rejection in 15 Cal. Code Regs. 3084.6(b)(7). Pursuant to 15 Cal. Code Regs. 3084.6(a)(2), a grievance that is rejected pursuant to subsection 3084.6(b) may later be accepted if the reason noted for the rejection is corrected and the grievance is resubmitted within thirty calendar days of rejection. 15 Cal. Code Regs. § 3084.6(a)(2). Plaintiff resubmitted this grievance on July 31, 2017, which was within thirty calendar days of the July 17, 2017 rejection. The improper cancellation of Grievance No. PBSP-17-01008 would render the claims raised in Grievance No. PBSP-17-01008 exhausted for PLRA purposes. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."). However the improper cancellation of Grievance No. PBSP-17-01008 does not exhaust plaintiff's administrative remedies for claims not raised in improper cancellation of Grievance No. PBSP-17-01008, i.e. an excessive force claim arising out of the September 6, 2016 events.

United States District Court
Northern District of California

monetary compensation coupled with the allegation that Grievance No. PBSP-17-01008 was improperly cancelled at the third level alerted defendants to an excessive force claim where Grievance No. PBSP-17-01008 itself did not alert correctional officers to a potential excessive force claim. Monetary damages, whether compensatory, punitive, or nominal, may be sought for various civil rights violations and not just for the use of excessive force. *See, e.g. Hazle v. Crofoot*, 727 F.3d 983, 992 (9th Cir. 2013) (Section 1983 plaintiff entitled compensatory damages for unlawful incarceration even if there is no evidence of emotional distress or other injury). Grievance No. OOA-17-6786 did not alert correctional officers to a potential excessive force claim.

Because Grievance No. PBSP-17-01008 and Grievance No. OOA-17-6786 did not raise plaintiff's excessive force claim and did not alert correctional officers to a potential excessive force claim, the excessive force claim is unexhausted. The Court GRANTS defendants' motion for summary judgment and DISMISSES this action for failure to exhaust administrative remedies without prejudice to re-filing after exhausting administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment and DISMISSES this action for failure to exhaust administrative remedies without prejudice to re-filing after exhausting administrative remedies. The Clerk of the Court shall enter judgment in favor of defendants and against plaintiff.

This order terminates ECF No. 21.

**IT IS SO ORDERED.**

Dated: 1/16/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge